J. S42033/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ALBERTO LEE TORRES, | : | No. 408 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, February 9, 2017,
in the Court of Common Pleas of Franklin County
Criminal Division at No. CP-28-CR-0001954-2011

BEFORE: OLSON, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 11, 2017**

Alberto Lee Torres appeals ***pro se*** from the February 9, 2017 order

dismissing his second petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.[1]

The PCRA court summarized the relevant facts and procedural history

of this case as follows:

> The charges in this case stem from events
> following a bar fight on January 9, 2011.
> Specifically, after getting into an altercation with a
> patron inside a bar, [appellant] exited the bar and
> fired a gun at that patron. No one was injured
> during the incident.
>
> As a result, [appellant] was charged with
> Aggravated Assault [Count 1], Simple Assault

---

[1] The Commonwealth indicated on May 30, 2017, that it will not be filing a
brief in this matter and will rely on the rationale set forth in the PCRA court's
April 28, 2017 opinion.

[Count 2], Recklessly Endangering Another Person [Count 3], Prohibited Possession of a Firearm [Count 4], and Prohibited Offensive Weapons [Count 5].[2] On December 4, 2012, a jury convicted [appellant] of Counts 1, 2, 3, and 5. On January 2, 2013, a jury convicted [appellant] of Count 4. On March 27, 2013, [appellant] was sentence[d] to a total of 78 to 156 months['] incarceration at Counts 1, 2, 3, and 5. [Appellant] was also sentenced to 60 to 120 months at Count 4, which was ordered to run consecutively to the sentence at Count 1. Overall, [appellant] was sentenced to an aggregate term of 138 to 276 months at all five Counts.

[Appellant] filed a Post-Sentence Motion on April 8, 2013. Th[e trial c]ourt denied [appellant's] Post-Sentence Motion on June 14, 2013. [Appellant] filed a Notice of Appeal on July 17, 2013. On March 21, 2014, the Superior Court affirmed [appellant's] judgment of sentence. [**See Commonwealth v. Torres**, 100 A.3d 315 (Pa.Super. 2014) (unpublished memorandum), **appeal denied**, 97 A.3d 744 (Pa. 2014).] On August 20, 2014, the Pennsylvania Supreme Court denied [appellant's] Petition for Allowance of Appeal. [**Id.**] [Appellant] did not file a Petition for a Writ of **Certiorari** from the United States Supreme Court.

[Appellant] filed his [f]irst [PCRA petition] on November 21, 2014. Th[e PCRA c]ourt appointed Cayla E. Amsley, Esq. to represent [appellant] in his First PCRA proceedings. A hearing was held on May 27, 2015. On August 20, 2015, th[e PCRA c]ourt issued an Order and Opinion dismissing [appellant's] First PCRA. [Appellant] filed a Notice of Appeal of this denial on September 15, 2015. The Superior Court affirmed th[e PCRA c]ourt's denial of [appellant's] First PCRA on May 4, 2016. [**See Commonwealth v. Torres**, 151 A.3d 1135 (Pa.Super. 2016) (unpublished memorandum), **appeal denied**, 158 A.3d 76 (Pa. 2016).] On

---

[2] 18 Pa.C.S.A. §§ 2702, 2701, 2705, 6105, and 908, respectively.

> September 27, 2016, the Pennsylvania Supreme Court denied [appellant's] Petition for Allowance of Appeal. [**Id.**]
>
> [Appellant] filed his [s]econd [PCRA petition] on November 7, 2016, raising a claim of ineffective assistance of First PCRA Counsel and Trial Counsel, Drew Deyo, Esq. On December 9, 2016, th[e PCRA c]ourt issued a Notice of Intent to Dismiss [appellant's] Second PCRA [pursuant to Pa.R.Crim.P. 907(1)] due to untimeliness and lack of jurisdiction to address the merits. [Appellant] filed a Rule 907(1) Response on December 27, 2016.

PCRA court opinion, 4/28/17, at 1-3 (footnotes consolidated; internal case citations added).

On February 9, 2017, the PCRA court dismissed appellant's instant petition without a hearing. Appellant filed a **pro se** notice of appeal on March 3, 2017. That same day, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On March 22, 2017, appellant filed a timely Rule 1925(b) statement and the PCRA court issued its Rule 1925(a) opinion on April 28, 2017.

Appellant raises the following issues for our review:

1. DID THE PCRA COURT ABUSE ITS DISCRETION BY DISMISSING APPELLANT'S SECOND PCRA PETITION AS UNTIMELY WHERE HE SUFFICIENTLY PLED AN EXCEPTION TO THE STATUTORY TIMELINESS REQUIREMENT[?]

2. SHOULD THIS COURT REVERSE THE PCRA COURT'S ORDER DENYING THE SECOND PCRA PETITION WITHOUT A HEARING, WHERE APPELLANT RAISES A GENUINE ISSUE OF

> > MATERIAL FACT AS TO WHETHER HE PLED [THAT] HE ACTED DILIGENTLY[?]
>
> > 3. DID THE PCRA COURT ERR IN NOT RESTORING APPELLANT'S PCRA RIGHTS WHERE OBVIOUS OMISSIONS BY COUNSEL RESULTED IN THE DENIAL OF MEANINGFUL PCRA REVIEW RENDERING THE PCRA PROCEEDINGS FUNDAMENTALLY UNFAIR[?]

Appellant's brief at 3.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). Lastly, we note that, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant[.]" *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa.Super. 2005) (citation omitted).

Preliminarily, we must consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA

court.  *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted).  All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final.  42 Pa.C.S.A. § 9545(b)(1).  "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3).  If a PCRA petition is untimely, a court lacks jurisdiction over the petition.  *Commonwealth v. Callahan*, 101 A.3d 118, 120-121 (Pa.Super. 2014).

As noted, a panel of this court affirmed appellant's judgment of sentence on March 21, 2014, and our supreme court denied his petition for allowance of appeal on August 20, 2014.  *See Commonwealth v. Torres*, 100 A.3d 315 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 97 A.3d 744 (Pa. 2014).  Consequently, appellant's judgment of sentence became final on November 18, 2014, 90 days after our supreme court denied appellant's petition for allowance of appeal and the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired.  *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct. Rule 13(1).  In order to comply with the filing requirements of the PCRA, appellant was required to file his petition by November 18, 2015.  *See* 42 Pa.C.S.A. § 9545(b)(1).  As appellant's instant petition was not filed until November 7, 2016, it is

patently untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in Section 9545(b)(1).

The three narrow exceptions to the one-year time-bar are as follows:

(i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii); **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa.Super. 2012). The appellant bears the burden of pleading and proving the applicability of one of these exceptions. **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (some citations omitted). "In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

The crux of appellant's argument on appeal is that Attorney Amsley was ineffective in failing to raise a specific ineffective assistance of trial

counsel claim in his March 9, 2015 amended PCRA petition, and that this satisfied the "newly-discovered fact" exception to the PCRA time-bar because he was unaware that Attorney Amsley had even filed an amended PCRA petition. (Appellant's brief at 10-29.) We disagree.

Generally, claims of trial counsel ineffectiveness do not operate as an independent exception to the one-year jurisdictional time-bar of the PCRA. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000) (holding a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits); *see also Commonwealth v. Breakiron*, 781 A.2d 94, 97 (Pa. 2001) (allegations of ineffective assistance of counsel will not circumvent the timeliness requirement of the PCRA); *Commonwealth v. Bennett*, 930 A.2d 1264, 1272–1273 (Pa. 2007) (holding that an allegation of PCRA counsel's ineffectiveness cannot be invoked as a "newly-discovered fact" exception to the PCRA time-bar, except where PCRA counsel abandons his client on appeal.)

Even to the extent that appellant's claim that Attorney Amsley was ineffective in failing to raise the ineffective assistance of trial counsel could arguably be addressed as a "newly-discovered fact" claim, we conclude that appellant is still not entitled to relief. In order to prevail on this claim, appellant would need to demonstrate that the fact upon which the exception

is predicated was unknown to him or that it could not have been ascertained by the exercise of due diligence. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii).

Our review of the record reveals that appellant has failed to prove that he exercised due diligence in ascertaining the claims raised by Attorney Amsley on his behalf in the amended PCRA petition. The record reveals that Attorney Amsley filed an amended petition on appellant's behalf on March 9, 2015, and that merely reading this petition would have alerted him to the absence of his specific ineffective assistance of trial counsel claim. Moreover, the record reveals that appellant was present at the May 27, 2015 PCRA hearing and would have been on notice that a specific issue was not being addressed by Attorney Amsley. Under Section 9545(b)(1)(ii), "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Commonwealth v. Brown**, 141 A.3d 491, 506 (Pa.Super. 2016) (citation omitted). Clearly, appellant failed to undertake reasonable efforts in this instance.

As appellant's petition, his second, is patently untimely and he has failed to plead and prove the applicability of any exception to the PCRA's time-bar, the PCRA court lacked jurisdiction to consider the merits of appellant's claims and did not err in dismissing appellant's petition without an evidentiary hearing.

J. S42033/17

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2017